E-FILED
Tuesday, 20 March, 2018  01:37:43 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KENDRICK BUTLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 15-1102-JBM |
| | ) |
| **ADAM DEAL,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**JOE BILLY MCDADE, U.S. District Judge:**

This cause is before the Court on the Parties' pending motions.

*First*, Defendant Adam Deal moves to vacate the March 26, 2018 settlement conference scheduled to occur before United States Magistrate Judge Jonathan Hawley. Deal asks the Court to vacate the settlement hearing because he does not believe that settlement is possible in this case, and therefore, the settlement conference would waste judicial resources and would not result in a settlement.

Based upon Deal's representation to the Court that the settlement conference would be futile, the Court vacates the March 26 settlement conference before Magistrate Judge Hawley. The Parties may continue to discuss settlement on their own, if a settlement is possible.

*Second*, Plaintiff Kendrick Butler objects to the Court's March 6, 2018 Order in which it allowed the University of Illinois law students to withdraw their representation of him. Butler claims that the students were uncomfortable in a prison environment and with deposing IDOC officials. Butler denies that he made the students feel uncomfortable other than complaining about their lack of attentiveness to and the lack of progress in his case.

Ordinarily, since the operative facts in this case are disputed by Butler, he would be entitled to an evidentiary hearing on the students' motion to terminate their representation of him. However, under the unique circumstances of this case, the Court will not vacate its Order of March 6, 2018, granting, without an evidentiary hearing, the students' Motion to Withdraw as counsel for Butler. Extensive efforts had been made by the Court to obtain legal counsel for Butler without success. The Court was fortunate that the Illinois College of Law Federal Civil Rights Clinic and its student advocates, pursuant to Local Rule 83.5(A) empowered by Rule 711 of the Illinois Supreme Court, agreed to undertake representation of Butler, given the great demand throughout the district for the clinic's services. The solicitation of legal representation for Butler by the University of Illinois Clinic was the last chance to obtain counsel for him.

Local Rule 83.5(A), which tracks the Illinois Supreme Court Rule 711, allows "students of accredited law schools to be provisionally admitted to practice and to appear in court under the supervision and direction of the sponsoring attorney." The sponsoring attorney for the University of Illinois Law School Federal Civil Rights clinic is its director, Andrew Bequette. Whether or not Butler's denial of any untoward behavior toward the students is to be believed, there is no available relief since the director and the sponsoring attorney of the Clinic has taken the position that no student involved in the Clinic will be allowed to further represent Butler now or in the future. Consequently, an evidentiary hearing would have been futile and would not allow the Court to continue the student representation of Butler.

Moreover, Butler does not specifically object to the Court allowing the students to withdraw. Instead, Butler objects to the Court indicating that he would have to continue in this case *pro se*. Butler states that he is incapable of trying this case himself and asks the Court to find new counsel to represent him.

Butler's objection is overruled, and his request for new counsel is denied. As the Court has previously explained to Butler, the Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court.").

In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself . . . . The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis in original). In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyioloa*, 718 F.3d 692, 696 (7th Cir. 2013). As the Seventh Circuit has acknowledged, "[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. *DeWitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014)(internal quotation omitted). Although the Seventh Circuit has held that appointment of counsel should occur in cases in which counsel would have made a difference in the outcome of the litigation (*Santiago v. Walls*, 599 F.3d 749, 465 (7th Cir. 2010)), the Seventh Circuit has also held that the test for appointment

of counsel is not whether a lawyer could more effectively handle the case. *Pruitt*, 503 F.3d at 655. The test is whether the litigant is competent to litigate his own claims. *Id*.

Here, the Court does not have another *pro bono* lawyer to give to Butler. Finding counsel to volunteer to represent *pro se* prisoners is a monumental task. The Court was able to find counsel to represent Butler, and whatever the reason for the breakdown in the attorney-client relationship (Butler's complaints contained in his objection support the student's assertion that a breakdown of that relationship occurred), it is clear that the students could no longer effectively represent Butler. At this point, the Court simply does not have another *pro bono* lawyer to give to Butler, and it is unclear (even doubtful based upon the Court's attempts to obtain counsel for other *pro se* prisoners in other cases) whether another *pro bono* lawyer would fare any better even if the Court could find another attorney to volunteer to represent Butler. Butler has filed at least five cases in this District and four in the United States District Court for the Southern District of Illinois. Accordingly, Butler has some experience litigating in federal court, and he will either need to reach a settlement with Deal or proceed to trial on his own.

*Third*, Butler's motion to compel is denied. In this motion, Butler essentially seeks a wholesale re-opening of discovery. However, it is unclear whether Butler ever sought any of the documents that he now wants produced during the initial discovery period when he represented himself. In addition, it is unclear whether the students ever requested these documents when they represented Butler. The Court cannot compel Deal to produce documents that Butler never sought *via* a proper discovery request under the Federal Rules of Civil Procedure, especially because the Court only allowed limited discovery after counsel appeared and because even that re-opened limited discovery period is now closed. Moreover, Butler has not demonstrated that the documents requested are even relevant to his claims.

However, the Court will direct the students to produce whatever discovery and other material that they have to Butler pursuant to the clinic's rules and procedures. The Clerk of the Court should forward a copy of this Order to the legal clinic so that the students can comply. The Court will discuss at the final pretrial conference what witnesses Butler wants to present at trial and what information the witnesses possess.

*Fourth*, Butler's motion to change venue is denied. Butler asks for a change of venue, not because this Court lacks jurisdiction over this case, but because he does not believe that a fair jury can be empaneled in his case. Butler points to past jury verdicts as support that a fair jury cannot be empaneled.

However, the facts in each case are different, and simply because a jury reached a conclusion for a certain party in one case does not mean that a separate jury evaluating separate facts cannot be fair and impartial. The Court believes that it can empanel a fair and impartial jury in this case, and if the Court does not believe that a prospective juror will be fair and impartial, the Court will not seat that individual on the jury. But, there is no basis for a change of venue in this case.

**IT IS, THEREFORE, ORDERED:**

**1. Defendant's motion to vacate the settlement conference [60] is GRANTED. Accordingly, the March 26, 2018 settlement conference before United States Magistrate Judge Jonathan Hawley is VACATED.**

**2. Plaintiff's objection to the Court's March 6, 2018 Order allowing the University of Illinois law students to withdraw their representation of Plaintiff [61] is OVERRULED and DENIED.**

3. **Plaintiff's motion to compel [62] is DENIED. However, Loren Jones and Arthur Haynes, II are ordered to produce whatever discovery and other material that they have to Plaintiff pursuant to the clinic's rules and procedures. The Clerk of the Court is directed to forward a copy of this Order to the legal clinic so that the students can comply.**

4. **Plaintiff's motion to change venue [63] is DENIED.**

ENTERED this 20th day of March, 2018

                                           s/ Joe Billy McDade
                                            JOE BILLY MCDADE
                                     UNITED STATES DISTRICT JUDGE